G. Thomas Martin, III (SBN 218456)
**PRICE LAW GROUP, APC**
15760 Ventura Blvd., Suite 1100
Encino, CA 91436
Direct Dial: (818) 907-2030
Fax: (818) 205-3730
tom@plglawfirm.com
Attorneys for Plaintiffs,
CHRISTOPHER & CANDACE DALY

FILED

JUL 13 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER & CANDACE DALY<br><br>Plaintiffs,<br><br>vs.<br><br>NCC, A DIVISION OF COMMONWEALTH FINANCIAL SYSTEMS, INC.; DOES 1 to 10, inclusive,<br><br>Defendants. | Case No. CV 12-03668 HRL<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>(Unlawful Debt Collection Practices)<br><br>**Demand Does Not Exceed $10,000** |

## COMPLAINT

### INTRODUCTION

1.  Plaintiffs CHRISTOPHER & CANDACE DALY bring this action to secure redress from unlawful credit and collection practices engaged in by Defendant NCC, A DIVISION OF COMMONWEALTH FINANCIAL SYSTEMS, INC. Plaintiffs alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## VENUE AND JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331, 1337 and 1367.

3. Venue and personal jurisdiction in this District are proper because:

    a. Defendant's collection communications were received by Plaintiffs within this District;

    b. Defendant does or transacts business within this District.

## PARTIES

4. Plaintiffs Christopher & Candace Daly are adult individuals who reside in Tres Pinos, California and are "consumers" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5. Defendant NCC, A DIVISION OF COMMONWEALTH FINANCIAL SYSTEMS, INC. is a corporation with its offices in Dickson, Pennsylvania.

6. At all relevant times herein, NCC, A DIVISION OF COMMONWEALTH FINANCIAL SYSTEMS, INC. is a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiffs which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C.§ 1692a(6).

## FACTS

7. Defendant is attempting to collect from Plaintiffs an alleged debt incurred for personal, family or household purposes and not for business purposes.

8. Within the last year, Defendant constantly and continuously called Plaintiffs and home with the intent to annoy and harass them into paying an alleged debt.

9. Defendant calls Plaintiffs from 760-841-3713.

10. Defendant repeatedly called Plaintiff after Plaintiff advised Defendant that Plaintiff is represented by John Sarai of Price Law Group, APC and to cease and desist from placing further collection calls to Plaintiff.

## COUNT I – FDCPA

11. Plaintiffs incorporate paragraphs 1 - 10.

12. Defendant thereby violated the following provisions of the FDCPA:

    i) 15 U.S.C. §1692c(a)(2);

    ii) 15 U.S.C. §1692d(5);

    iii) 15 U.S.C. §1692d(6);

13. Section 1692(c)(a)(2) provides in pertinent part that:

(a) COMMUNICATION WITH THE CONSUMER GENERALLY. Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—

...

(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; or

14. Section 1692d(5) and d(6) state in pertinent part that:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
...
(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.
...
(6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity

## COUNT II – RFDCPA

15. Plaintiffs incorporate paragraphs 1 - 14.

16. Defendant thereby violated the following provisions of the RFDCPA:

   i)   Cal. Civ. Code § 1788.11(b);

    ii)    Cal. Civ. Code § 1788.11(d);

    iii)    Cal. Civ. Code § 1788.11(e);

    iv)    Cal. Civ. Code § 1788.17.

17.    Sections 1788.11(b), (d) and (e) state in pertinent part that:

**1788.11. No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:**

...

**(b) Placing telephone calls without disclosure of the caller's identity, provided that an employee of a licensed collection agency may identify himself by using his registered alias name as long as he correctly identifies the agency he represents;**

...

**(d)  Causing a telephone to ring repeatedly or continuously to annoy the person called; or**

...

**(e)  Communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances.**

18.    Sections 1788.17 states in pertinent part as follows:

**"1788.17.  Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. However, subsection (11) of Section 1692e and Section 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that person's principal. The references to federal codes in this section refer to those codes as they read January 1, 2001.**

WHEREFORE, the Court should enter judgment in favor of Plaintiffs and against Defendant for:

(1) Statutory and actual damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other and further relief as the Court deems proper.

RESPECTFULLY SUBMITTED,

DATED: July 9, 2012            **PRICE LAW GROUP APC**

By: *[signature]*
G. Thomas Martin, III
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiffs, CHRISTOPHER & CANDACE DALY, demand trial by jury in this action.